| AOC-105     Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice    www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | Case No.   14-CI-1576<br>Court    ☑ Circuit ☐ District<br>County   Hardin |

**PLAINTIFF**

Maria Adaglio            Administratrix

713 East Market Street, 2nd Floor

Louisville         Kentucky        40202

**VS.**

**DEFENDANT**

Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing Rehabilitation

1101 Woodland Drive

Elizabethtown        Kentucky        42701

**Service of Process Agent for Defendant:**

National Registered Agents, Inc.

306 W. Main Street, Suite 512

Frankfort                                   Kentucky        40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:   09-18  , 2014

**LORETTA CRADY, CLERK**       Clerk

By:   TWesley          D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

COMMONWEALTH OF KENTUCKY
HARDIN COUNTY CIRCUIT COURT
DIVISION III
CIVIL ACTION NUMBER : 14-CI-1576

**FILED**

MARIA ADAGLIO, Administratrix of the
ESTATE OF HELENA WICK, Deceased,
and on behalf of the wrongful death beneficiaries

2014 SEP 18 AM 9 05

HARDIN CO. CIR/DIST COURT
LORETTA GRADY, CLERK **PLAINTIFF**

BY _____ TW _____ D.C.

vs.                    **COMPLAINT**

ELIZABETHTOWN HEALTH FACILITIES, L.P. d/b/a
ELIZABETHTOWN NURSING AND REHABILITATION CENTER
1101 Woodland Drive
Elizabethtown, Kentucky 42701

      Serve:   National Registered Agents, Inc.
              306 W. Main Street
              Suite 512
              Frankfort, Kentucky 40601

-and-

ELIZABETHTOWN HEALTH FACILITIES GP, LLC
5500 W Plano Pkwy
Suite 210
Plano, Texas 75093-4835

      Serve: Kentucky Office of the Secretary of State
            The Capitol Building
            700 Capital Avenue
            Suite 152
            Frankfort, Kentucky 40601

-and-

KENTUCKY PARTNERS MANAGEMENT LLC
5420 W. Plano Parkway
Plano, Texas 75093

      Serve: Registered Agent Solutions, Inc.
            828 Lane Allen Road
            Suite 219
            Lexington, Kentucky 40504          **DEFENDANTS**

1

* * * * * * * * * * * * * * * *

Comes now Plaintiff, Maria Adaglio, as Administratrix of the Estate of Helena Wick, deceased, and on behalf of the wrongful death beneficiaries of Helena Wick, and for her cause of action against Defendants Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing and Rehabilitation Center, Elizabethtown Health Facilities GP, LLC, and Kentucky Partners Management, LLC, jointly and/or severally state as follows:

1.      Decedent Helena Wick was at all material times a resident of Elizabethtown, Kentucky until the time of her transfer to Elizabethtown Nursing and Rehabilitation Center, Hardin County, Kentucky on or about May 1, 2013.

2.      Upon information and belief, Helena Wick was a resident of Elizabethtown Nursing and Rehabilitation Center (sometimes referred to herein as "the facility"), located at 1101 Woodland Drive, Elizabethtown, Kentucky 402701, from on or about May 1, 2013 to June 8, 2014.  She died on June 8, 2014.

3.      Plaintiff Maria Adaglio, natural child of Helena Wick was appointed Administratrix of Helena Wick's Estate by the Hardin County District Court on September 8, 2014 (nunc pro tunc to July 28, 2014).  See the Order attached as **Exhibit A**.

4.      At all material times, Defendant Elizabethtown Health Facilities, L.P., is a foreign ULPA limited partnership with its principal office located at 5420 W. Plano Parkway, Plano, Texas 75093, and authorized to do business in the Commonwealth of Kentucky by owning, operating, managing, controlling and/or providing services for Elizabethtown Nursing and Rehabilitation Center located in Elizabethtown, Hardin County, Kentucky.  Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing and

2

Rehabilitation Center was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing and Rehabilitation Center in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Helena Wick.

5.    At all material times, Defendant Elizabethtown Health Facilities GP, LLC is a Texas domestic limited liability company with its principle office located at 5500 W. Plano Parkway, Suite 210, Plano, Texas 75093-4835. Upon information and belief, and at all times material to this action, Defendant Elizabethtown Health Facilities GP, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including, Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing and Rehabilitation Center, Hardin County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Elizabethtown Health Facilities GP, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Helena Wick. Defendant Elizabethtown Health Facilities GP, LLC is without an agent for service of process within the Commonwealth of Kentucky and which should, therefore be served by service of process upon the Kentucky Office of the Secretary of State, The Capitol Building, 700 Capital Avenue, Suite 152, Frankfort, Kentucky 40601, for service by certified mail.

6.    At all material times, Defendant Kentucky Partners Management, LLC, is a foreign limited liability company authorized to do business in the Commonwealth of Kentucky, with its principal office located at 5420 W. Plano Parkway, Plano, Texas 75093. Upon information and belief, at all times material to this action, Defendant Kentucky Partners

Management, LLC owned, operated, managed, controlled and/or provided services for nursing facilities, including Elizabethtown Nursing and Rehabilitation Center located in Elizabethtown, Hardin County, Kentucky. The causes of action made the basis of this suit arise out of such business conducted by said Defendant Kentucky Partners Management, LLC in the ownership, operation, management, control and/or services provided for the facility during the residency of Helena Wick.

7.      Whenever the term "Defendants" and/or "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Defendants Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing and Rehabilitation Center, Elizabethtown Health Facilities GP, LLC, and Kentucky Partners Management, LLC.

8.      Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

9.      Upon information and belief, Helena Wick was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing and medical care and not merely as the situs where others not associated with the facility would treat her.

10.     At all relevant times mentioned herein, Nursing Home Defendants owned, operated and/or controlled, and/or provided services for Elizabethtown Nursing and Rehabilitation Center, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, subsidiaries governing bodies, agents, servants or employees.

11.     Nursing Home Defendants are directly or vicariously liable for any actions and omissions by any person or entity, controlled directly or indirectly, including, nursing home administrators, any governing body, officer, partner, employee, ostensible or apparent agency,

4

consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools. Defendants authorized or ratified or should have anticipated the acts and omissions in question.

12.    At all relevant times material herein, Defendant Nursing Home Defendants provided coordinated medical care and treatment to Helena Wick.

13.    Due to the wrongful conduct of Defendants, Helena Wick suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process following a fall at the facility in which she suffered a left intratrochanteric femur fracture. Helena Wick also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, medical expenses (both past and future), hospitalization, and death, all of which were caused by the wrongful conduct of the Defendants as alleged herein.

## CAUSES OF ACTION AGAINST NURSING HOME DEFENDANTS

14.    Plaintiff incorporates all of the allegations contained in Paragraphs 1-13 as if fully set forth herein.

15.    Nursing Home Defendants owed a non-delegable duty to Helena Wick, to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

16.    Nursing Home Defendants negligently failed to deliver care, services and supervision as a reasonably careful nursing facility is required to do. A reasonably careful nursing facility would not have failed to provide appropriate care. It was foreseeable that these breaches of ordinary care would result in serious injuries to Helena Wick.

17.    Pursuant to KRS 446.070, Plaintiff also alleges Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are actionable as

negligence per se. Helena Wick was injured by the statutory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence per se of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

(a)    Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Helena Wick;

(b)    Violations(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

18.    With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helena Wick.

19.    As a direct and proximate result of such oppression, fraud, malice or gross negligence, Helena Wick suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Nursing Home Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and death, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## NEGLIGENCE

20.    Plaintiff incorporates all of the allegations contained in Paragraphs 1-19 as if fully set forth herein.

21.    Nursing Home Defendants had a duty to provide the standard of professional care and services of a reasonably competent nursing facility acting under the same and similar circumstances.

6

22.     Nursing Home Defendants failed to meet applicable standards of care, by and through its agents, servants, employees and/or ostensible agents, including the nursing home's administrator, was negligent in its care and treatment of Helena Wick by acts of omission and/or commission, and such negligence was a substantial factor in causing the death of Helena Wick and bringing about the damages sustained by Plaintiff.

23.     With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Helena Wick.

24.     As a direct and proximate result of such negligence, oppression, fraud, malice or gross negligence, Helena Wick suffered the injuries described herein. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Nursing Home Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

25.     Plaintiff incorporates all of the allegations contained in Paragraphs 1-24 as if fully set forth herein.

26.     Nursing Home Defendants violated statutory duties owed to Helena Wick as a resident of a long term care facility, Kentucky Revised Statutes 216.510 et seq. These statutory duties were non-delegable.

27.     As a result of the violations of the Resident's Rights Statutes by Nursing Home Defendants, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limit of this

7

Court, as well as costs and attorney's fees.

28.     With regard to the aforementioned violations of the Resident's Rights Statute, Nursing Home Defendants acted with oppression, fraud, malice or were grossly negligent, by acting with wanton and reckless disregard for the rights of Helena Wick and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Nursing Home Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

29.     Plaintiff incorporates all of the allegations contained in Paragraphs 1-28 as if fully set forth herein.

30.     As a direct and proximate result of the negligence of all Defendants as set out above, Helena Wick suffered injuries including, but not limited to, those listed herein.  As a result, Helena Wick suffered embarrassment and physical impairment, mental and physical pain and suffering, incurred significant medical expenses, as well as death.

31.     Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff Maria Adaglio, as Administratrix of the Estate of Helena Wick, deceased, and on behalf of the wrongful death beneficiaries of Helena Wick, demands judgment against the Defendants Elizabethtown Health Facilities, L.P. d/b/a Elizabethtown Nursing and Rehabilitation Center, Elizabethtown Health Facilities GP, LLC, and Kentucky Partners Management, LLC, jointly and/or severally as follows:

8

1.   For an amount of punitive damages as established by the evidence;

2.   For all damages afforded under K.R.S. 216.515;

3.   For all damages afforded under K.R.S. 314.021;

4.   For prejudgment interest;

5.   For a trial by jury;

6.   Attorneys' fees;

7.   For their costs herein expended; and

8.   For any and all other relief to which they may appear justly entitled.

Respectfully submitted,

*Adrienne W. Kim*

Mark K. Gray, Esq.
Matthew L. White, Esq.
Adrienne Worsham Kim, Esq.
Gray & White
713 East Market Street
Suite 200
Louisville, Kentucky 40202
Telephone (502) 805-1800
Facsimile (502) 618-4059

9

A

AOC-805
Rev. 10-05
Page 3 of 3

Case No. 14-P-425

IN RE: Estate of _Helena Wick_

AMENDED
**ORDER** _correcting name of Administratrix_

[X] Petition filed this _23_ day of _July_, 2 _014_

[ ] Will tendered this _____ day of _____, 2____.

Upon hearing, the Will offered was proven by _____

and **ORDERED PROBATED** as the Last Will and Testament of Decedent this _____ day of _____, 2____.

The Court appoints: _Maria Adaglio_ as

[ ] Executor/Executrix OR [X] Administrator/Administratrix of said estate and fixes bond in the sum of

$ _10,000_ [ ] with surety OR [X] without surety.

Date: _9|8, 2014_
nunc pro tunc
10/28/14

_____
**Judge's Signature**

ENTERED: 9/9/14
ATTEST: LORETTA GRADY, CLERK
HARDIN CIR/DIST COURT
BY: _a magdis_ D.C.
cert copy from A man

Distribution:
   Case File
   Revenue Cabinet

send

STATE OF KY., COUNTY OF HARDIN
CERTIFIES IS A TRUE COPY OF
RECORD IN CASE # 14-P-425
THIS _9_ DAY OF _9_, 20_14_
LORETTA GRADY, CLERK
HARDIN CIR/DIST COURT
BY: _a magdis_ D.C.